

# The Attorney General of Texas

August 14, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Stan Schlueter
Chairman
Ways and Means Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.   JM-341

Re:  Legality of foreign lottery
under Texas law

Dear Representative Schlueter:

You have submitted two advertisements for lotteries held in foreign countries, one in West Germany and one in Canada. You inquire about the legality of such lotteries. You do not inquire whether persons located in Texas who respond to such advertisements violate any law.

Each advertisement directs the participant to send his money and order form to the foreign address stated therein. The lottery sends tickets, a drawing schedule, or other information to the participant. The drawing takes place in the lottery's home country and notification is sent to winners. Federal prohibitions against transporting or mailing lottery tickets, advertisements of lotteries and other materials related to lotteries do not apply to transporting or mailing

> (2)  to an addressee within a foreign country of equipment, tickets, or material designed to be used within that foreign country in a lottery which is authorized by the law of that foreign country.

18 U.S.C. §1307(b)(2).

The German lottery is described in the advertisement as a state lottery with prizes guaranteed by the German government. We assume for purposes of this opinion that both lotteries are legal where conducted.

The Texas Constitution provides that "[t]he Legislature shall pass laws prohibiting lotteries and gift enterprises in this State." Tex. Const. art. III, §47a.

The statutes prohibiting lotteries are found in chapter 47 of the Penal Code. The relevant provisions include the following:

p. 1553

Section 47.01.  Definitions

In this chapter:

(1)  'Bet' means an agreement that, dependent on chance even though accompanied by some skill, one stands to win or lose something of value. . . .

(2)  'Gambling place' means any real estate, building, room, tent, vehicle, boat, or other property whatsoever, one of the uses of which is the making or settling of bets, the receiving, holding, recording, or forwarding of bets or offers to bet, or the conducting of a lottery or the playing of gambling devices.

. . . .

(5)  'Gambling paraphernalia' means any book, instrument, or apparatus by means of which bets have been or may be recorded or registered; any record, ticket, certificate, bill, slip, token, writing, scratch sheet, or other means of carrying on bookmaking, wagering pools, lotteries, numbers, policy, or similar games.

(6)  'Lottery' means any scheme or procedure whereby one or more prizes are distributed by chance among persons who have paid or promised consideration for a chance to win anything of value, whether such scheme or procedure is called a pool, lottery, raffle, gift, gift enterprise, sale, policy game, or some other name.

§47.02.  Gambling

(a)  A person commits an offense if he:

(1)  makes a bet on the partial or final result of a game or contest or on the performance of a participant in a game or contest. . . .

§47.03.  Gambling Promotion

(a)  A person commits an offense if he intentionally or knowingly does any of the following acts:

(1) operates or participates in the earnings of a gambling place;

(2) receives, records, or forwards a bet or offer to bet;

(3) for gain, becomes a custodian of anything of value bet or offered to be bet;

(4) sells chances on the partial or final result of or on the margin of victory in any game or contest or on the performance of any participant in any game or contest or on the result of any political nomination, appointment, or election or on the degree of success of any nominee, appointee, or candidate; or

(5) for gain, sets up or promotes any lottery or sells or offers to sell or knowingly possesses for transfer, or transfers any card, stub, ticket, check, or other device designed to serve as evidence of participation in any lottery.

§47.04. Keeping a Gambling Place

(a) A person commits an offense if he knowingly uses or permits another to use as a gambling place any real estate, building, room, tent, vehicle, boat, or other property whatsoever owned by him or under his control, or rents or lets any such property with a view or expectation that it be so used.

§47.07. Possession of Gambling Paraphernalia

(a) A person commits an offense if, with the intent to further gambling, he knowingly owns, manufactures, transfers commercially or possesses gambling paraphernalia. (Emphasis added).

The chapter 47 provisions on lotteries must be read together with section 1.04 of the Penal Code, which establishes the territorial jurisdiction of Texas over criminal offenses:

(a) This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which he is criminally responsible if:

> (1)  either the conduct or a result that is an element of the offense occurs inside this state;
>
> (2)  the conduct outside this state constitutes an attempt to commit an offense inside this state;
>
> (3)  the conduct outside this state constitutes a conspiracy to commit an offense inside this state, and an act in furtherance of the conspiracy occurs inside this state. . . .

The Texas Supreme Court has stated that a lottery conducted in a foreign country did not violate the gambling statutes of Texas.   In Castilleja v. Camero, 414 S.W.2d 424 (Tex. 1967), the Texas Supreme Court considered an agreement made in Texas to share any proceeds that might be won in the Mexican National Lottery.   The jointly owned ticket was purchased in Mexico.   In considering whether the agreement was enforceable, the court stated:

> The  agreement . . .  to  jointly  purchase  a ticket in the National Lottery of Mexico and to divide the proceeds, if any, was not an illegal contract.   It neither violated nor aided in the violation of any gaming statute of Texas.   The only other jurisdiction involved was Mexico.   In Mexico the purpose of the contract had the express approval of the Mexican government in that the Mexican government has a revenue interest in the lottery.   Thus the agreement was to do a lawful thing -- participate in the National Lottery of Mexico, in a lawful manner -- by going to Mexico. (Emphasis added).

414 S.W.2d at 426.   See also Crutchfield v. Rambo, 86 S.W. 950 (Tex. Civ. App. 1905, writ ref'd).

Castilleja v. Camero was decided prior to the 1973 revision of the Penal Code, which made substantive changes in the criminal law of Texas.   See Sharpe, Introduction to 1973 Revision Texas Penal Code, 1 Penal Code VII; Attorney General Opinion H-204 (1974).   Moreover, it did not involve advertising of the foreign lottery in Texas.   Finally, the participant in the lottery traveled to Mexico to purchase the lottery tickets.   We will therefore consider whether the territorial jurisdiction of this state extends to any activities of the foreign lotteries that would violate Penal Code provisions against gambling. See Penal Code §1.04.

The foreign lotteries do not possess gambling paraphernalia in Texas or keep a gambling place in Texas.   See Penal Code §47.04,

47.07. Nor do they commit in Texas any of the acts of gambling promotion described in subsections (1) through (4) of section 47.03(a) of the Penal Code. Subsection (5) of section 47.03(a) makes it an offense to promote any lottery or offer to sell a lottery ticket. It is possible that the advertisements you have submitted to us could be evidence of lottery promotion in Texas or offering lottery tickets in Texas. However, the mere presence of the advertisements in Texas does not prove a violation of section 47.03(a)(5). We have no information on the foreign lotteries' role, if any, in transmitting the advertisements to Texas. Moreover, this matter raises issues of free speech rights and federal power over commerce with foreign countries. See, e.g., Martin v. United States, 389 F.2d 895 (5th Cir. 1968) (18 U.S.C. §1084, which prohibits transmission of wagering information in interstate commerce, does not violate First Amendment). We cannot attempt to resolve these important issues on the meager facts before us.

### S U M M A R Y

Whether a lottery held in a foreign country can violate Texas Penal Code section 47.03(a)(5) by advertising and offering lottery tickets in Texas involves fact questions.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk